Jeffrey I.D. Lewis
Victoria J.B. Doyle
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>                                                      Plaintiff,<br><br>            - against -<br><br>IMBESI LAW P.C. and VINCENT IMBESI,<br><br>                                                      Defendants. | 16-cv-6646<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Financial Industry Regulatory Authority, Inc., by its attorneys, Fried, Frank, Harris, Shriver & Jacobson LLP, for its complaint in this action alleges:

## **PARTIES**

1.       Plaintiff Financial Industry Regulatory Authority, Inc. ("FINRA") is a not-for-profit corporation organized under the laws of the State of Delaware, having its principal place of business at 1735 K Street, NW, Washington, DC 20006.

2. Upon information and belief, defendant Imbesi Law P.C. ("Imbesi Law") is a New York professional corporation having its principal place of business at 450 Seventh Avenue, 14th Floor, New York, NY 10123.

3. Upon information and belief, defendant Vincent Imbesi ("Imbesi") is an individual having his actual place of business at 450 Seventh Avenue, 14th Floor, New York, NY 10123.

## JURISDICTION AND VENUE

4. This action arises under the Trademark Act of 1946 (15 U.S.C. §§ 1051 *et seq.*) (also known as the Lanham Act), the common law of the State of New York, and N.Y. Gen. Bus. Law § 360-l.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as this action relates to the unauthorized usage of FINRA's federally registered trademarks by Imbesi Law and Imbesi, and the New York State law claims asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), as defendants Imbesi Law and Imbesi upon information and belief are resident in the State in which this district is located, a substantial part of the events or omissions giving rise to the claims asserted in this action took place in this district, and both defendants are subject to the Court's personal jurisdiction with respect to this action.

## FIRST CAUSE OF ACTION

## LANHAM ACT

7. FINRA is a not-for-profit Delaware corporation and a self-regulatory organization registered with the Securities Exchange Commission as a national securities association pursuant to the Maloney Act of 1938. FINRA is a part of the Securities Exchange Act's highly interrelated and

comprehensive mechanism for regulating the securities markets. Today, FINRA is the largest non-governmental regulator for all securities firms doing business in the United States. FINRA develops rules and regulations, conducts regulatory reviews of members' business activities, and designs and operates marketplace services and facilities. FINRA and its affiliates also provide extensive educational products and services, consult with financial market operators in various countries around the world, provide arbitration services, maintain extensive databases of information related to trading of securities and to brokers and brokerage firms, and provide funding to investor education programs.

8. FINRA is recognized worldwide as the largest and foremost securities industry self-regulatory organization in the world. Between 1939 and 2007, FINRA was known as NASD, which stands for the National Association of Securities Dealers, Inc. NASD's adoption of the name FINRA in July 2007 was widely covered in the news media, including prominent nationally distributed publications such as The New York Times, The Wall Street Journal and The Washington Post. Plaintiff's FINRA mark and name are very well-known due to plaintiff's prominence and unique position in the securities industry, and due to its substantial efforts to promote the FINRA mark and name.

9. FINRA owns several United States trademark registrations, including (1) No. 3,521,850 ("the '850 Registration") for the standard character mark of "FINRA"; (2) No. 3,604,224 ("the '224 Registration") for the standard character mark of "FINRA"; and (3) No. 3,607,499 ("the '499 Registration") for the design mark reproduced below.

10. The '850 Registration has a registration date of October 21, 2008, the '224 Registration has a registration date of April 9, 2009, and the '499 Registration has a registration date of April 14, 2009.

11. Since at least as early as 2007, FINRA has made continuous and substantially exclusive use of its "FINRA" mark in connection with providing services to regulate the securities industry in order to maintain the integrity of the marketplace for the benefit and protection of investors, namely, providing and maintaining a registry of member firms and their employees, investment advisors and individuals and entities within the securities and investment industry; promoting the services of others, namely, advertising and marketing a series of discounted insurance, mail delivery; financial consulting services for others, namely, providing analysis of securities market regulations, management and operations, providing advice regarding the structure and regulation of securities markets; providing an on-line computer database of information in the field of securities and equities trading, corporate bond transactions, securities regulation, financial investments, namely, securities, securities firms, broker/dealers and investors; educational services, namely, conducting seminars, conferences and workshops in the fields of securities regulation and compliance, investor education, and providing continuing education programs for securities industry professionals; arbitration, mediation and dispute resolution, among other goods and services.

12. By reason of the '850 Registration, FINRA has had nationwide priority in its "FINRA" trademark since October 21, 2008.

13. By reason of several years of continuous and substantially exclusive use, FINRA's trademarks have come to symbolize substantial goodwill associated with FINRA and its services.

14. Upon information and belief, Imbesi Law and Imbesi registered on February 18, 2015, the domain name finra8210.com, and subsequently operated a website located at http://www.finra8210.com, wherein the domain name made unauthorized use of FINRA's trademarks.

15.     After unsuccessfully trying to amicably resolve the dispute over the domain name finra8210.com, FINRA through its counsel filed a complaint and commenced proceedings pursuant to the Uniform Domain Name Dispute Resolution Policy (UDRP) on January 26, 2016, against Imbesi Law and Imbesi with the World Intellectual Property Organization (WIPO) Arbitration and Mediation Center relating to the domain name finra8210.com.

16.     FINRA's complaint filed in the UDRP administrative proceeding against Imbesi Law and Imbesi alleged that the domain name finra8210.com was confusingly similar to FINRA's trademarks, as well as FINRA's Rule 8210, that Imbesi Law and Imbesi had no rights or legitimate interests in respect of this domain name, and that the domain name was registered and used in bad faith.

17.     A decision in the UDRP administrative proceeding was issued by the WIPO Arbitration and Mediation Center on March 1, 2016, finding that the domain name finra8210.com was identical or confusingly similar to a trademark or service mark in which FINRA has rights, that Imbesi Law and Imbesi had no rights or legitimate interests in respect of the disputed domain name, and that the domain name has been registered and used in bad faith, and ordering that the domain name be transferred to FINRA.

18.     Upon information and belief, the website operated by Imbesi Law and Imbesi located at http://www.finra8210.com was taken down around March 30, 2016.

19.     Upon information and belief, Imbesi Law and Imbesi now operate a website located at http://www.u5lawyer.com.

20.     Upon information and belief, the main page of this website includes several embedded videos that make unauthorized use of the above-identified trademarks owned by FINRA – a screenshot of which has been reproduced below.



21. The conduct of Imbesi Law and Imbesi is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with FINRA, or to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by FINRA.

22. By letter from its counsel dated April 14, 2016, FINRA noted defendants' use of "FINRA's registered logo in multiple locations on [their] website http://www.u5lawyer.com/ without FINRA's permission" and that defendants' "continued and repeated unauthorized use of FINRA's marks for commercial purposes does not constitute fair or informational use, but rather that is likely to lead to consumer confusion or deception as to FINRA's affiliation, connection, or association with [their] law firm, or FINRA's approval or endorsement of [their] commercial activities." The letter requested that defendants "*immediately* remove all instances of FINRA's registered mark in the stylized form, and registered logo from [their] website."

23. Upon information and belief, defendants have not, as of the date of this pleading, removed the several embedded videos making unauthorized use of the above-identified trademarks owned by FINRA from defendants' website.

24. Upon information and belief, Imbesi Law and Imbesi also registered on May 22, 2016, the domain name finra8210.com through a website-hosting entity identified as Homestead Technologies, Inc., and now operate a website located at http://finra8210.homestead.com, wherein the domain name makes unauthorized use of FINRA's trademarks in a similar fashion to the subject domain name of the aforementioned UDRP administrative proceeding (i.e., finra8210.com), including in at least one email address ([----]@finra8210.org).

25. Upon information and belief, the main page of this website includes several embedded videos that make unauthorized use of the above-identified trademarks owned by FINRA as well as the subject domain name of the aforementioned UDRP administrative proceeding (i.e., finra8210.com) – a screenshot of which has been reproduced below.



26. Similar to defendants' conduct with respect to the website located at http://www.u5lawyer.com, the conduct of Imbesi Law and Imbesi with respect to the website

located at http://finra8210.homestead.com is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with FINRA, or to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by FINRA.

27. The conduct of Imbesi Law and Imbesi alleged in paragraphs 1-26 above has been willful, wanton, and deliberate. Defendants have received multiple requests by FINRA to remove the above-identified trademarks owned by FINRA from defendants' website.

28. Defendants have persisted in their use of FINRA's above-identified trademarks despite having actual knowledge that its conduct is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with FINRA.

29. The conduct of Imbesi Law and Imbesi has caused and threatens FINRA with irreparable injury for which FINRA has no adequate remedy at law.

30. Defendants are liable to FINRA for violation of 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION
## NEW YORK COMMON LAW

31. Paragraphs 1-30 above are realleged and incorporated by reference as if set forth in full.

32. Upon information and belief, defendants have acted with willful, wanton, and callous disregard for the rights of FINRA, including FINRA's rights in the above-identified trademarks.

33. Defendants are liable to FINRA for unfair competition and misappropriation under New York common law.

## THIRD CAUSE OF ACTION

## NEW YORK GENERAL BUSINESS LAW § 360-L

34. Paragraphs 1-33 above are realleged and incorporated by reference as if set forth in full.

35. Upon information and belief, defendants have infringed FINRA's above-identified trademarks.

36. Defendants are liable to FINRA for likelihood of injury to business reputation or dilution of the distinctive quality of a mark or trade name under N.Y. Gen. Bus. Law § 360-l.

## PRAYER FOR RELIEF

WHEREFORE, FINRA prays that the Court:

(i) declare, adjudge, and decree that Imbesi Law and Imbesi are liable to FINRA for violations of 15 U.S.C. § 1114;

(ii) declare, adjudge, and decree that Imbesi Law and Imbesi are liable to FINRA, jointly and severally, for unfair competition and misappropriation under New York common law;

(iii) declare, adjudge, and decree that Imbesi Law and Imbesi are liable to FINRA for violations of N.Y. Gen. Bus. Law § 360-l;

(iv) grant preliminary and permanent injunctions restraining Imbesi Law and Imbesi from engaging in any further acts constituting trademark infringement, unfair competition, misappropriation, likelihood of injury to business reputation, or dilution of the distinctive quality of a mark or trade name;

(v) award FINRA compensatory damages together with interest as provided by law;

(vi) award FINRA punitive damages together with interest as provided by law;

(vii) award FINRA its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(viii) award FINRA such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), FINRA demands trial by jury.

Dated: New York, New York
       August 23, 2016

FRIED, FRANK, HARRIS, SHRIVER,
       & JACOBSON LLP


By  */s/ Jeffrey I.D. Lewis*
    Jeffrey I.D. Lewis
    Victoria J.B. Doyle

One New York Plaza
New York, New York 10004
Tel. (212) 859-8000
jeffrey.lewis@friedfrank.com
victoria.doyle@friedfrank.com

Attorneys for Plaintiff
   *Financial Industry Regulatory Authority, Inc.*