Failla, h.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 17, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FINANCIAL INDUSTRY REGULATORY AUTHORITY,
INC.,

                               Plaintiff,

            - against -

IMBESI LAW P.C. and VINCENT IMBESI,

                            Defendants.

1:16-cv-06646-KPF

**STIPULATED
PERMANENT
INJUNCTION
AND ORDER
OF DISMISSAL**

Hon. Katherine Polk Failla

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Financial Industry Regulatory Authority, Inc. ("Plaintiff"), and Defendants Imbesi Law P.C. and Vincent Imbesi (collectively, "Defendants") that the following Permanent Injunction ("Injunction") and Order of Dismissal be entered by the Court, premised upon the following:

    1.      The parties have settled this action pursuant to the attached Settlement Agreement. Therefore, the parties respectfully request that this action be dismissed <u>without</u> prejudice, subject to the Court retaining jurisdiction to enforce the terms of the Settlement Agreement and this stipulated Injunction.

    2.      The parties' settlement is contingent upon this Court agreeing to reserve and retain jurisdiction of this action to enforce the terms of the Settlement Agreement and the Injunction.

    Based upon the stipulation of the parties and finding good cause therefor, the Court hereby **ORDERS**:

    3.      Defendants, their officers, agents, servants, employees, attorneys, or any of them, and all persons acting in concert or participation with Defendants, or with any of the preceding, are permanently enjoined:

a.      From using any of Plaintiff's trademarks or any other word or phrase that is confusingly similar to Plaintiff's registered and common law trademarks as or as part of any trademark, service mark, brand name, website identification, URL, trade name, or other business or commercial designation, in connection with the sale, offering for sale, distribution, advertising, or promotion of Defendants' services, including but not limited to United States Trademark Registration Nos. 3,521,850, 3,604,224, and 3,607,499 ("FINRA's Trademarks");

b.      From representing by words or conduct that any product made, offered for sale, sold, or distributed by any of the Defendants, or that any services offered for sale, sold, advertised, or rendered by any of the Defendants, is authorized, sponsored, or endorsed by or otherwise connected with Plaintiff; and,

c.      From using any of FINRA's Trademarks or any other word or phrase that is substantially or confusingly similar to FINRA's Trademarks as or as part of any Internet domain name, in connection with the sale, offering for sale, distribution, advertising, or promotion of Defendants' services.

4.      Defendants shall file and serve on Plaintiff a report within 30 days after the entry of the Injunction setting forth in detail the manner in which Defendants are complying with the Injunction.

5.      This action shall be dismissed without prejudice while the Court reserves and retains jurisdiction of this action and the parties to enforce the terms of the Settlement Agreement and the Injunction.

6.      **Future Claims Unaffected.**  Nothing in this Stipulated Permanent Injunction and Order of Dismissal or the Settlement Agreement precludes Plaintiff from asserting any claims or rights that arise solely after entry of this Stipulated Permanent Injunction and Order of Dismissal or

that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Defendants in this Stipulated Permanent Injunction and Order of Dismissal or the Settlement Agreement. Upon proof of any violations by Defendants of the provisions of the Injunction or the Settlement Agreement, the Court shall be authorized to award damages and other relief therefor.

7.      **Non-Appealability.** This Stipulated Permanent Injunction and Order of Dismissal is final and may not be appealed by either party, as agreed-to by the parties, both Plaintiff and Defendants have waived any right to appeal the terms or entry of the Injunction and Order.

8.      **Fed. R. Civ. P. 65.** The Injunction applies to and binds all parties who are in active concert or participation with Defendants as provided in Fed. Civ. P. 65(d). Defendants waive any objection under Fed. R. Civ. P. 65.

9.      **Survival.** This Stipulated Permanent Injunction and Order of Dismissal shall bind Defendants and their officers, agents, servants, employees, attorneys, or any of them, and all persons acting in concert or participation with Defendants.

10.     **Consent.** Defendants affirm that their respective consent to this Stipulation is given freely and voluntarily, and after having had the opportunity to seek legal counsel.

11.     **Fees & Costs.** Each party will bear their own fees and costs for this action.

12.     **Attorneys' Fees For Enforcement.** In the event that Plaintiff brings any action to enforce a material term or condition of this Stipulation, then Plaintiff shall be entitled to have and recover from Defendants any and all costs and expenses, including attorneys' fees, incurred in such action.

STIPULATED TO this the 14TH day of October , 2016:

Seth A. Nadler
IMBESI LAW P.C.
450 Seventh Avenue, 14th Floor
New York, New York 10123
(800) 976-6462
seth@lawicb.com

Jeffrey I.D. Lewis
Victoria J.B. Doyle
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000
jeffrey.lewis@friedfrank.com

Attorney for Defendants
*Imbesi Law P.C. and Vincent Imbesi*

Attorneys for Plaintiff
*Financial Industry Regulatory Authority, Inc.*

IT IS SO ORDERED this _____ day of _____, 2016.

Katherine Polk Failla
United States District Judge

- 4 -

12248025

STIPULATED TO this the 14TH day of October_____, 2016:

_____

Seth A. Nadler
IMBESI LAW P.C.
450 Seventh Avenue, 14th Floor
New York, New York 10123
(800) 976-6462
seth@lawicb.com

Jeffrey K.D. Lewis
Victoria J.B. Doyle
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000
jeffrey.lewis@friedfrank.com

Attorney for Defendants
*Imbesi Law P.C. and Vincent Imbesi*

Attorneys for Plaintiff
*Financial Industry Regulatory Authority, Inc.*

IT IS SO ORDERED this 17th day of _____October_____, 2016.

_____

Katherine Polk Failla
United States District Judge

- 4 -

12248025

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of the 10 day of October, 2016, by and between Financial Industry Regulatory Authority, Inc., a Delaware not-for-profit corporation having a principal place of business at 1735 K Street, NW, Washington, DC 20006 ("FINRA") on the one hand, and Imbesi Law P.C. and Vincent Imbesi, respectively a New York professional corporation and individual, both having a principal place of business at 450 Seventh Avenue, 14th Floor, New York. NY 10123 (collectively, "Imbesi") on the other hand (FINRA and Imbesi may be referred to in this Agreement collectively as the "Parties" and individually as a "Party"), and provides as follows:

WHEREAS, FINRA is the owner of several United States trademark registrations, including Reg. Nos. 3,521,850 and 3,604,224 for the standard character mark of "FINRA" and Reg. No. 3,607,499 for a design mark (collectively, "FINRA's Trademarks");

WHEREAS, on August 23, 2016, FINRA filed a civil action against Imbesi in the United States District Court for the Southern District of New York (the "Court"), Case No. 16-CV-6646 (the "Lawsuit"), alleging, *inter alia*, that Imbesi is infringing FINRA's trademark rights as a result of Imbesi's unauthorized usage of FINRA's Trademarks;

WHEREAS, Imbesi admits that certain of its conduct constituted infringement of FINRA's Trademarks and also admits certain related allegations plead in the Lawsuit;

WHEREAS, the Parties wish to avoid the costs of litigation by promptly resolving and settling all of the issues arising from FINRA's allegations;

NOW, THEREFORE, in consideration of the mutual covenants of this Agreement hereinafter set forth and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties hereto covenant and agree as follows:

1. Imbesi's Acknowledgements, Representations and Obligations.

   1.1    Imbesi acknowledges FINRA's ownership of rights in FINRA's Trademarks and Imbesi's improper use of those trademarks.

   1.2    Imbesi represents and warrants that it no longer sells, offers to sell, distributes, advertises, or promotes any products or services through usage of FINRA's Trademarks or any other word or phrase that is confusingly similar to FINRA's Trademarks.

   1.3    Imbesi covenants that it will not use any marks, company names, domain names, URLs, social media handles, other Internet names, or other designations that consist of or contain FINRA's Trademarks, or any other word or phrase that is confusingly similar to FINRA's Trademarks, in connection with the sale, offering for sale, distribution, advertising, or promotion of any products or services.

- 1 -

12248018

1.4     Imbesi agrees not to challenge, directly or indirectly, FINRA's use or registration of any mark, name, domain name, or other type of usage that consists of or includes FINRA's trademarks.

1.5     Imbesi represents and warrants that it will not sell, offer to sell, distribute, advertise, or promote any products or services through usage of FINRA's Trademarks or any other word or phrase that is confusingly similar to FINRA's Trademarks.

1.6     Imbesi agrees to transfer ownership of the domain name http://www.rule8210.com to FINRA.

2.     Injunction.   Each of the Parties agrees to entry of the Stipulated Permanent Injunction and Order of Dismissal, as attached as Exhibit A, and Imbesi waives any right to appeal entry of the Stipulated Permanent Injunction and Order of Dismissal or its contents. As set out in Exhibit A, the Court shall retain jurisdiction over the enforcement of the Stipulated Permanent Injunction and Order of Dismissal. The Stipulated Permanent Injunction and Order of Dismissal shall be filed with the Court only by counsel for Plaintiff but in the event the Stipulated Permanent Injunction and Order of Dismissal has not been filed within five days of the delivery to counsel for Plaintiff of executed copies of this Agreement then it may be filed by any Party.

3.     Effective Date.   The "Effective Date" for purposes of this Agreement is the day when all of the following have occurred: (a) signed copies of this Agreement have been exchanged between counsel for the Parties, (b) the Stipulated Permanent Injunction and Order of Dismissal (as defined in Section 2) has been filed with the Court, and (c) ownership of the domain name http://www.rule8210.com has been transferred from Imbesi to FINRA.

4.     Confidentiality.   Neither Party shall make any further statements about the resolution of the Lawsuit or this Agreement other than to state that the Parties have reached a satisfactory settlement and the Lawsuit has been dismissed by agreement of the Parties with Court approval. The Parties agree that the terms of this Agreement shall be kept confidential and shall not be disclosed to any third-party, their counsel and counsel for the other Parties, except with prior written consent of the other Party.   Notwithstanding the foregoing, a Party may disclose this Agreement if required by any judicial or governmental request, requirement or order; provided that the disclosing Party will take reasonable steps to attempt to give the other Party (ten (10) days notice after receipt of such request, requirement or order) in order to contest such request, requirement or order.

5.     Mutual Release.   Subject to the fulfillment of the undertakings set forth herein and except as to any breach of this Agreement, as of the Effective Date the Parties hereto and their successors and assigns hereby release, waive and forever discharge each other and their successors, assigns, representatives, attorneys, present and former employees, officers, directors, shareholders, partners, members, managers, parents. affiliates and subsidiaries, both jointly and individually, from any and all liabilities, obligations, claims, demands, causes of action, controversies, damages, suits, defenses or remedies which either may have against the other of any nature whatsoever, whether known or unknown. from the beginning of time up to and including the Effective Date of this Agreement with respect to the Lawsuit.

- 2 -

6.    Notice of Breach.  No Party hereto shall be deemed in breach of any of its obligations hereunder unless and until the Party alleging a breach notifies the alleged breaching Party of the specific breach alleged, and such notified Party fails to cure or commence cure of such breach within ten (10) days after receipt of such notice. This provision shall not apply to breaches that are chronic or repetitive in nature.

7.    Notices.  Any notice or communication required or permitted to be given by any Party hereunder shall be in written form and shall be considered to be sufficiently given as of the last date delivered if mailed, postage or fee paid, by registered or certified mail or transmitted by overnight courier, addressed to the Parties hereto, or delivered by hand to the Parties hereto, as follows:

**To FINRA:**

Robert L.D. Colby
Chief Legal Officer
Financial Industry Regulatory Authority, Inc.
1735 K Street, NW
Washington, DC 20006

**with a copy (which shall not constitute notice) to:**

Jeffrey I. D. Lewis, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

**To Imbesi:**

Vincent Imbesi
Imbesi Law P.C.
450 Seventh Avenue, 14th Floor
New York, NY 10123

**with a copy (which shall not constitute notice) to:**

Seth A. Nadler
Imbesi Law P.C.
450 Seventh Avenue, 14th Floor
New York. NY 10123

8.    Authority to Enter Agreement, Construction.  Each of the Parties represents and warrants to the other that it has had the opportunity to discuss the terms of this Agreement with legal counsel before entering into this Agreement, that it is not relying on any prior representations of another Party or its counsel in entering into this Agreement, that it has all requisite power and authority to enter into this Agreement, and that, if the Party itself has not signed the Agreement, it has duly authorized by all necessary action the execution and delivery

- 3 -

12248018

of the Agreement by the officer or individual whose name is signed on its behalf below. This Agreement has been jointly drafted by all Parties and shall not be construed against any of them.

9.    Choice of Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflicts of laws of the State of New York, as if fully executed and performed in the County of New York, State of New York. In a lawsuit arising from a breach of this Settlement Agreement, each Party irrevocably consents to the exclusive jurisdiction of the United States District Court for the Southern District of New York, or if that court should decline jurisdiction then any court of competent jurisdiction that sits in the County of New York, State of New York, and that service can be effectuated in the same manner as Notice is provided in accordance with the provisions of Section 7.

10.    Waiver. None of the provisions of this Agreement shall be considered waived by any Party unless such waiver is agreed to, in writing, by authorized agents of such Party. The failure of a Party to insist upon strict conformance to any of the terms and conditions hereof, or failure or delay to exercise any rights provided herein or by law shall not be deemed a waiver of any rights of any Party.

11.    Severability. If any provision of this Agreement is found or held to be invalid or unenforceable by a court or other decision-making body of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable to the greatest extent allowed by such court or body under law.

12.    Entire Agreement. This Agreement constitutes the entire agreement and understanding among the Parties with respect to the described subject matter and supersedes all previous communications, memoranda, understandings or agreements, either oral or written, among the Parties with respect to the described subject matter. No agreement or understanding modifying the terms and conditions of this Agreement shall be binding upon any of the Parties unless embodied in writing and signed by all Parties.

13.    Inurement. This Agreement shall be binding on and inure to the benefit of the Parties and their respective past, present and future shareholders, officers, directors, employees, agents, attorneys, legal successors, administrators, assigns, dealers and authorized representatives.

14.    Counterparts. The Parties may execute this Agreement in counterparts, each of which shall constitute an original for all purposes, including any copies of same. The Parties will be bound by signatures on this document which are transmitted by mail, hand delivery, facsimile and/or any other electronic method (email or otherwise) to the other Party or, if applicable, counsel of record for the other Party. Such signature will have the same binding effect as any original signature.

[Signatures on following page]

- 4 -

12248018

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above personally or through their duly authorized representatives.

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

By: _____
Name: Timothy W. Mountz
Title: VP + Counsel
Date: 10/13/16

IMBESI LAW P.C.

By: _____
Name: Seth Nadler
Title: Associate
Date: 10/10/16

VINCENT IMBESI

By: _____
Date: 10/10/16

- 5 -